# EXHIBIT A

EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR STAY PENDING APPEAL

LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation Division

ROBERT A. BERRY, ISB #7442
MEGAN A. LARRONDO, ISB #10597
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
P.O. Box 83720
Boise, ID  83720-0010
Telephone:     (208) 334-2400
Facsimile:      (208) 854-8073
robert.berry@ag.idaho.gov
megan.larrondo@ag.idaho.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RECLAIM IDAHO, an Idaho political action committee, and LUKE MAYVILLE, <br><br>Plaintiff, <br><br>vs. <br><br>BRADLEY LITTLE, in his official capacity as Governor of Idaho, and LAWERENCE DENNEY his official capacity as Idaho Secretary of State, <br><br>Defendants. | Case No. 1:20-cv-00268-BLW <br><br>**DECLARATION OF JASON HANCOCK IN SUPPORT OF DEFENDANTS** |

I, JASON HANCOCK, declare as follows:

1. I am over the age of 18 years and competent to testify on the matters herein. I make this declaration based upon my own personal knowledge.

DECLARATION OF JASON HANCOCK IN SUPPORT OF DEFENDANTS – 1

2.	I am currently employed with the Idaho Secretary of State as a Deputy Secretary of State.

3.	As part of my work in the Idaho Secretary of State's office, I oversee and assist in the oversight of the elections division. I began this role on April 7, 2020.

4.	Given my role in the Idaho Secretary of State's office, I have access to all of the documents that are filed with the Secretary of State, including initiative related documents.

5.	Reclaim Idaho filed the initiative at issue here, "An initiative augmenting funding for K-12 education by increasing the individual and corporate income tax rates", referred to herein as "Invest in Idaho," with the Secretary of State by petition on August 30, 2019. After verification of the signatures on the petition, the Secretary of State transmitted the proposal to the Attorney General's office for review on September 4, 2019. The advisory review was completed and transmitted to the Secretary of State's office on September 24, 2019. The Secretary of State's office transmitted the same by email to Reclaim Idaho on the same day. On October 15, 2019, two copies of the Initiative were sent to the Attorney General's office for preparation of short and long ballot titles. The Attorney General's office transmitted short and long ballot titles to the Secretary on October 25, 2019, which were then transmitted along with a sample petition to Reclaim Idaho on the same date. At that time, reclaim Idaho was legally able to start circulating the petition.

6.	Rather than giving itself the full 18 months allowed by statute, Reclaim Idaho chose to seek to place the "Invest in Idaho" initiative on the ballot in November 2020, leaving itself only six and a half months between October 15, 2019 and April 30, 2020 to collect the necessary signatures.

7.	All absentee ballots must be printed no later than September 14, 2020 and this deadline is driven by the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"),

DECLARATION OF JASON HANCOCK IN SUPPORT OF DEFENDANTS – 2

and in particular 52 U.S. Code § 20302 and Directive 2015-1 issued by Secretary of State Lawerence Denney, a true and correct copy of which is attached hereto as Exhibit A. The reason for this requirement is so that ballots can be sent to those Idahoans living or serving overseas, to ensure their ability to vote. Further, pursuant to the UOCAVA and Directive 2015-1, absentee ballots, if requested, must be mailed by September 21, 2020 to those who request it.

8. In reviewing the requested extension by Reclaim Idaho, it would have severe repercussions to all of the deadlines leading up to the general election, upending the statutory scheme that governs initiative petitions. There would not be enough time for the county clerks to verify signatures by their deadline to print ballots, which is September 14, 2020 under Directive 2015-1. The Secretary of State also must provide sample ballots by September 7, 2020. These ballots contain, among other things, office titles, order of office, candidate names, ballot questions, and ballot layout. In order to provide these sample ballots to the county clerks, the Secretary of State usually begins preparing these in July and then would create pdf files for delivery by September 7, 2020.

9. In a normal election year, there is a period of approximately four and a half months from the time that signatures are turned in until ballots are printed. If the relief asked for by Reclaim Idaho is granted it would compress all of the steps necessary to ready the State for election into five weeks until ballots are printed. It would be unreasonable, unduly burdensome, and unachievable with the resources the state and county clerks have in place.

10. I also note that Reclaim Idaho wants to replace Idaho Code § 34-1807's in-person signature requirement and instead use a private out-of-state vendor with little to no ties to the electoral process in Idaho. There are a multitude of reasons why this is problematic.

11. The main issue is that the request to collect signatures electronically by a private

DECLARATION OF JASON HANCOCK IN SUPPORT OF DEFENDANTS – 3

entity is a fundamental departure from Idaho law and its Constitution. The running of and integrity of government elections is the responsibility of the state and its counties.

12. There are serious transparency concerns in removing the signature verification role from the county clerks (as per I.C. 1802(3)) and giving it to an out-of-state, private vendor selected by plaintiffs, which would abrogate the statutory duties of the clerks in the verification process.

13. The suggestion to use DocuSign also overlooks the necessary component of in-person verification and changes the geographic scope of the initiative process from physical to virtual.

14. Volunteers would no longer be necessary in legislative districts and instead virtual contact from one central location could be used.

15. There no longer would be a "grass roots" component to any such campaign and there would be no opportunity for face-to-face interactions in legislative districts throughout the state. Instead it would be replaced with an impersonal, electronic process with minimal opportunity for questions, education, or explanation, resulting in a less informed petition-signer and electorate.

16. Idaho's in person signature requirement is a part of Idaho's statutory scheme to allow citizens to exercise their legislative powers in an effective, valid, and informed manner.

17. The circulator is an integral part of the scheme and the attesting affidavit helps verify that the person signing the petition indeed is the person signing, and in this way, helps to prevent fraud.

18. An important aspect of fraud prevention is that a circulator in Idaho, who is an Idaho resident aged 18 or over, would be subject to Idaho's subpoena power, whereas DocuSign appears to be based in San Francisco, California, not Idaho.

DECLARATION OF JASON HANCOCK IN SUPPORT OF DEFENDANTS – 4

19. The change requested would negate the geographic, in-person requirement, which the Legislature deemed necessary to ensure the integrity of the ballot process.

20. In addition, in review of Idaho Code § 34-1807, a circulator is required to be a "person", "resident of state of Idaho", "at least (18) years of age" and the person who circulated the petition must sign "by his or her affidavit". DocuSign is none of these things.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 18th day of June, 2020.

                                             */s/ Jason Hancock*
                                             JASON HANCOCK

DECLARATION OF JASON HANCOCK IN SUPPORT OF DEFENDANTS – 5

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Deborah A. Ferguson<br>daf@fergusondurham.com | Craig H. Durham<br>chd@fergusondurham.com |

                                    */s/ Robert A. Berry*
                                    ROBERT A. BERRY
                                    Deputy Attorney General

DECLARATION OF JASON HANCOCK IN SUPPORT OF DEFENDANTS – 6



## STATE OF IDAHO
OFFICE OF THE SECRETARY OF STATE
LAWERENCE DENNEY

### SECRETARY OF STATE DIRECTIVE
(Directive 2015-1)

In order to maintain uniformity in the application, operation and interpretation of the election laws of the State of Idaho, and to facilitate the absentee ballot process, pursuant to Section 34-202, Idaho Code, the Secretary of State, does hereby issue the following directive:

For a Primary and General Election held in an even numbered year, all absentee ballots shall be printed no later than fifty (50) days prior to the election. This directive is necessary to comply with the mailing requirement of section 34-1003(3), Idaho Code, which provides for a forty-five (45) day ballot transit time for absentee ballots where the absentee request was received at least forty-five (45) days before an election.

For all other elections, including special district elections held in odd numbered years, all absentee ballots shall be printed no later than forty (40) days prior to the election. This is necessary to allow for at least 30 days transit time of the absentee ballot to the voter and transit back from the voter. However, it is recommended that the County Clerk continue to strive to have absentee ballots mailed by the 45th day before any election to allow for transit to all voters requesting absentee ballots at least forty-five (45) days before an election.

LAWERENCE DENNEY
Secretary of State

Directive: 2015-1
Issued: October 2, 2015

P.O. Box 83720, Boise, Idaho 83720-0080
Elections Telephone: (208) 334-2852, FAX: (208) 334-2282
Located at 700 W Jefferson, Ste. E-205

J-3

**DECLARATION OF HANCOCK**
**EXHIBIT A** 7/17
**Page 1 of 1**