# EXHIBIT E

EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR STAY PENDING APPEAL

LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation Division

MEGAN A. LARRONDO, ISB #10597
ROBERT A. BERRY, ISB #7442
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
P.O. Box 83720
Boise, ID  83720-0010
Telephone:     (208) 334-2400
Facsimile:     (208) 854-8073
megan.larrondo@ag.idaho.gov
robert.berry@ag.idaho.gov

      Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RECLAIM IDAHO, an Idaho political action committee, and LUKE MAYVILLE, <br><br> Plaintiff, <br><br> vs. <br><br> BRADLEY LITTLE, in his official capacity as Governor of Idaho, and LAWERENCE DENNEY his official capacity as Idaho Secretary of State, <br><br> Defendants. | Case No. 1:20-cv-00268-BLW <br><br> **DECLARATION OF PHIL MCGRANE IN SUPPORT OF DEFENDANTS** |

    I, PHIL MCGRANE, declare as follows:

    1.    I am over the age of 18 years and competent to testify on the matters herein. I make this declaration based upon my own personal knowledge.

DECLARATION OF PHIL MCGRANE IN SUPPORT OF DEFENDANTS  – 1

2. I am the Ada County Clerk and assumed office in 2019. Before becoming Ada County Clerk I served as the Chief Deputy Clerk from 2010 to 2019 and an Elections Deputy from 2005 - 2007. I hold a B.A. in philosophy from the University of Washington; a juris doctorate degree from the University of Denver; and a master of public administration degree from Boise State University.

3. I am charged with the supervision and administration of elections pursuant to I.C. §34-206.

4. Ada County elections is currently preparing for two upcoming elections. The first election is in August and the second election is the November General Election, which also is a presidential election.

5. Presidential general elections consistently see the largest turnout and as a result are difficult elections to prepare for. It takes an enormous amount of preparation and work to ensure the each election goes smoothly, and even more so due to Covid-19.

6. I understand that a request has been made to extend the deadline for a voter initiative sponsored by Reclaim Idaho.

7. The requested relief would be near impossible to achieve due to the limited time available between now and when ballots must be prepared and mailed for the November election.

8. As I understand the request, Reclaim Idaho is requesting an additional forty-eight days of relief in which it could continue to obtain signatures. If so, and assuming the Court rules on June 23, 2020, that would make the deadline to submit signatures August 10, 2020.

9. By statute, clerks have sixty days to verify the signatures following the submission of petitions. This time is essential to allow clerks adequate time to review and verify each signature. Under normal circumstances, I have to hire additional staff to complete the signature review

DECLARATION OF PHIL MCGRANE IN SUPPORT OF DEFENDANTS – 2

process within the sixty day timeframe. By statute the second half of the sixty day timeframe occurs during a period when our office is not conducting and election, which allows for the capacity to complete this task. Based on the requested relief, this would not occur during one of the most intensive preparation periods for our largest election in November.

10. It is a laborious process to verify the signatures submitted in support of an initiative. As part of the process, my staff looks to ensure that each signature is valid; that the signer is a registered voter; and that if a registered voter, the correct address was used. Based upon these three bases, approximately 30 to 40 percent of the signatures are typically rejected. This is a known fact to ballot initiative proponents and because of this, the volume of signatures submitted to meet the signature threshold will be much higher. This is also why all the time is needed to review the signatures submitted.

11. If the requested relief was granted on June 23rd and the deadline became August 10th, the statutory sixty days needed for clerks to review signatures would end on October 9, 2020, well after the deadlines to finalize, print and mail ballots for the November Election.

12. Under state and federal law, namely, the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), and in particular 52 U.S. Code § 20302, absentee ballots, if requested, must be mailed to those who requested them forty-five days in advance of the November Election in order to allow adequate time for ballots to travel to and from voters. The deadline for this November is September 21, 2020.

13. Due to current health concerns by voters, Ada County will see a record number of absentee ballot requests for this year's November 3, 2020 general election. Ada County has already received approximately 100,000 requests for the November Election to date. These ballots will

DECLARATION OF PHIL MCGRANE IN SUPPORT OF DEFENDANTS – 3

need to be prepared, printed, and assembled for mailing prior to the September 21st deadline, which will take ten to fourteen days.

14. I would also note that the last day for any county clerk to print ballots is September 18, 2020 per Idaho Code § 34-1003.

15. I understand that as part of the relief requested is to use electronic signature gathering by DocuSign.

16. I have concerns regarding the use of DocuSign in this context as most my staff do not have experience using DocuSign. I imagine it would take time and training to learn and understand how DocuSign operates, but given preparations for the upcoming two elections that would be an undue burden. It also appears that the process may take additional time to review each signature.

17. When reviewing petition signatures, in addition to confirming registration, we also compare the signature on the petition to the signature on the voter's original registration card. The DocuSign example provided by the petitioner shows a signature being submitted that is not a signature that would match for a voter, but a signature that is computer generated and would not possibly match the signer's original signature on their registration card. Under our existing procedures, these signatures would then be rejected.

18. There are numerous practical and procedural challenges to the relief requested, most notably the time needed to complete all related requirements. The combination of the required tasks along with the requirements of conducting the August and November Elections makes this relief near impossible to complete.

/ / /

/ / /

DECLARATION OF PHIL MCGRANE IN SUPPORT OF DEFENDANTS – 4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 18th day of June, 2020.

*/s/ Phil McGrane*
PHIL MCGRANE

DECLARATION OF PHIL MCGRANE IN SUPPORT OF DEFENDANTS – 5

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Deborah A. Ferguson<br>daf@fergusondurham.com | Craig H. Durham<br>chd@fergusondurham.com |

                                    */s/ Robert A. Berry*
                                    ROBERT A. BERRY
                                    Deputy Attorney General