Reclaim Idaho Exhibit No. 3

District Court's Order Granting in Part and Denying in Part Motion to Enforce the Court's Order

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RECLAIM IDAHO, a political action committee, and LUKE MAYVILLE,<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY LITTLE, in his official capacity as the Governor of Idaho, and LAWERENCE DENNEY, in his official capacity as Idaho's Secretary of State,<br><br>Defendants. | Case No. 1:20-cv-00268-BLW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER** |

## INTRODUCTION

Pending before the Court is Reclaim Idaho's Expedited Motion to Enforce the Court's Order. Dkt. 18. For the reasons that follow, the Court will grant in part and deny in part Plaintiffs' motion.

## BACKGROUND

On June 23, 2020, the Court heard oral argument on Plaintiffs' Expedited Motion for Preliminary Injunction. Dkt. 2. At the close of arguments, the Court orally granted the motion. A written order was subsequently filed to set forth the facts, circumstances, and legal framework the Court considered in conducting its

**ORDER DENYING MOTION TO ENFORCE THE COURT'S ORDER – 1**

analysis of the motion and in fashioning relief. Dkt. 14. Thereafter, Defendants filed a motion seeking a stay of the Court's order pending their appeal to the Court of Appeals for the Ninth Circuit. Dkt. 16. The Court denied the motion for a stay—and its order granting Plaintiff's motion for injunction stands. Dkt. 17.

The Court's decision allowed the State to choose between two options available to secure Reclaim Idaho's constitutional rights in the initiative process. The State could choose between (1) certifying the signatures already gathered are sufficient to have the initiative placed on the 2020 ballot; or (2) allowing Reclaim Idaho an additional 48-days to gather signatures through online solicitation and submission. The State has indicated it will file an appeal, and declined to choose either option. *See* Dkt. 16. Citing the State's refusal, Reclaim Idaho now asks the Court to order Defendants to certify the initiative for the November ballot. Dkt. 18 at 2.

### DISCUSSION

Reclaim Idaho argues the option to gather signatures through an online process would require the State to engage in developing a "process and protocol" with Reclaim Idaho. *Id.* Reclaim Idaho argues that, "Defendants' clear response shows that they have no intention of cooperating with Reclaim Idaho" and thus the only relief available is an order that Defendants certify the initiative for the November 2020 ballot. *Id.* However, it is not clear that the State is unwilling to

**ORDER DENYING MOTION TO ENFORCE THE COURT'S ORDER – 2**

work with Reclaim Idaho in fashioning an online solicitation process if ordered to do so by the Court.  And, ordering an online solicitation pays greater respect to the State's right to limit the initiative process in ways which do not violate the Plaintiffs' First Amendment rights.  Finally, online solicitation is the specific remedy originally sought by the Plaintiffs.  For these reasons, the Court will grant the Plaintiffs' motion in directing the State to comply with the Court's order, but will not require immediate certification of the Plaintiffs initiative for the 2020 ballot.

At this point, no appeal has been filed by the State, and it necessarily follows that no stay has been granted by the Ninth Circuit Court of Appeals.  Unless such a stay is granted, the State must fully comply with the Court's orders.  Having declined to choose between certifying the initiative for the 2020 ballot and accepting online solicitation of signatures, the Court will direct the State to immediately begin implementation of the remedy originally requested by the Plaintiffs – online solicitation and acceptance of signature.

According to Reclaim Idaho's motion for injunction, "it has developed a plan to contract with DocuSign, a company trusted by financial institutions with an impeccable tradition for reliability in gathering electronic signatures." Dkt. 2-1 at 2. Reclaim Idaho stated that DocuSign, "stands ready to provide its service immediately." *Id.* at 10. Counsel will be ordered to meet and confer by Thursday,

**ORDER DENYING MOTION TO ENFORCE THE COURT'S ORDER – 3**

July 2, to implement the process and protocol for accepting signatures gathered through the DocuSign technology. Absent an agreement of counsel to the contrary, that process and protocol shall be completed by Thursday, July 9, and Plaintiffs may thereafter resume the solicitation of signatures for a period of 48 days. Should counsel be unable to reach an agreement as to the process and protocol, Reclaim Idaho may implement an industry standard process and protocol. Such process and protocol must ensure the highest available standards are used to verify a signer's identity, legislative district, and the authenticity of the signature.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Expedited Motion to Enforce the Court's Order (Dkt. 18) is **GRANTED IN PART** and **DENIED IN PART** as explained in this decision.

2. The 48-day period provided for Reclaim Idaho to resume its petition gathering activities begins July 9, 2020.

DATED: June 30, 2020

B. Lynn Winmill
U.S. District Court Judge

**ORDER DENYING MOTION TO ENFORCE THE COURT'S ORDER – 4**