**FILED**

JUL 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RECLAIM IDAHO, an Idaho political action committee; LUKE MAYVILLE, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> BRAD LITTLE, in his official capacity as Governor of Idaho; LAWERENCE DENNY, in his official capacity as Idaho Secretary of State, <br><br> Defendants-Appellants. | No.  20-35584 <br><br> D.C. No. 1:20-cv-00268-BLW <br> District of Idaho, <br> Boise <br><br> ORDER |

Before: THOMAS, Chief Judge, SCHROEDER and CALLAHAN, Circuit Judges.

Appellants' motion (Docket Entry No. 2) to stay the district court's June 26, 2020 and June 30, 2020 orders pending appeal is denied. *See Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

The court sua sponte expedites this appeal. The opening brief is due July 17, 2020. The answering brief is due July 29, 2020. The optional reply brief is due August 3, 2020.

No streamlined extensions of time will be approved. *See* 9th Cir. R. 31-2.2(a)(1). No written motions for extensions of time under Ninth Circuit Rule 31-2.2(b) will be granted absent extraordinary and compelling circumstances.

The Clerk shall place this case on the calendar for August 2020.  *See* 9th Cir. Gen. Order 3.3(g).

CALLAHAN, Circuit Judge, dissenting:

I respectfully dissent. The appellants have demonstrated the requisite likelihood of success on the merits and probability of irreparable harm to warrant a stay pending appeal, and the remaining stay factors weigh in their favor. *See Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

The appellants have made a substantial showing that the district court exceeded its authority by awarding relief that effectively rewrites Idaho's election laws, particularly its law designed to protect against fraud in the initiative process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) (explaining that states have a vital interest in regulating their election processes); *see also Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (reiterating that the Supreme Court "has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election"). The district court cannot create by judicial fiat a process for electronic signature gathering that is not otherwise permitted under Idaho's laws. That is up to the state's legislature.

The appellants also have made a substantial showing that the appellees failed to act with the necessary diligence to trigger the heightened standard of review applied by the district court. *See Angle v. Miller*, 673 F.3d 1122, 1133–34 (9th Cir. 2012).

The remaining factors support granting the stay as well. *See Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018) (explaining that absent a constitutional violation, an injunction that bars a "State from conducting [its] elections pursuant to a statute enacted by the Legislature . . . would seriously and irreparably harm the State"); *Purcell*, 549 U.S. at 4 ("A State indisputably has a compelling interest in preserving the integrity of its election process.").

Accordingly, I would grant the appellants' motion to stay.