**Case No. 20-35584**

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

RECLAIM IDAHO, et al.,
Plaintiffs-Appellees,

vs.

BRADLEY LITTLE, et al.,
Defendants-Appellants.

---

On Appeal from the United States District Court
for the District of Idaho
D.C. No. 1:20-cv-00268-BLW
(Winmill, B.L., Presiding)

---

## ADDENDUM TO APPELLANTS' OPENING BRIEF

---

LAWRENCE G. WASDEN
ATTORNEY GENERAL

BRIAN KANE
Assistant Chief Deputy

STEVEN L. OLSEN
Chief of Civil Litigation Division
ROBERT A. BERRY, ISB NO. 7442
MEGAN A. LARRONDO, ISB NO. 10597
Deputy Attorneys General
Statehouse, Room 210, Boise, ID 83720
Telephone: (208) 334-2400
Fax: (208) 854-8073
Counsel for Appellants Bradley Little and Lawerence Denney

July 17, 2020

# TABLE OF CONTENTS

Page

**Constitutional Provisions**

Idaho Const. art. III, § 1 ........................................................................3

**Statutory Provisions**

Idaho Code § 34-1801 ............................................................................3

Idaho Code § 34-1801A ..........................................................................4

Idaho Code § 34-1802 ............................................................................5

Idaho Code § 34-1804 ............................................................................5

Idaho Code § 34-1805 ............................................................................7

Idaho Code § 34-1806 ............................................................................7

Idaho Code § 34-1807 ............................................................................7

Idaho Code § 34-1808 ............................................................................9

Idaho Code § 34-1809 ............................................................................9

Idaho Code § 34-1812 ..........................................................................11

Idaho Code § 34-1812A ........................................................................12

Idaho Code § 34-1812B ........................................................................13

Idaho Code § 34-1812C ........................................................................13

Idaho Code § 34-603 ............................................................................14

Idaho Code § 34-909 ............................................................................14

Idaho Code § 34-1003 ..........................................................................15

52 U.S.C. § 20302 ................................................................................17

# CONSTITUTIONAL PROVISIONS

## Idaho Const. art. III, § 1

Section 1. LEGISLATIVE POWER — ENACTING CLAUSE — REFERENDUM — INITIATIVE. The legislative power of the state shall be vested in a senate and house of representatives. The enacting clause of every bill shall be as follows: "Be it enacted by the Legislature of the State of Idaho."

The people reserve to themselves the power to approve or reject at the polls any act or measure passed by the legislature. This power is known as the referendum, and legal voters may, under such conditions and in such manner as may be provided by acts of the legislature, demand a referendum vote on any act or measure passed by the legislature and cause the same to be submitted to a vote of the people for their approval or rejection.

The people reserve to themselves the power to propose laws, and enact the same at the polls independent of the legislature. This power is known as the initiative, and legal voters may, under such conditions and in such manner as may be provided by acts of the legislature, initiate any desired legislation and cause the same to be submitted to the vote of the people at a general election for their approval or rejection.

# STATUTORY PROVISIONS

## Idaho Code § 34-1801

34-1801. STATEMENT OF LEGISLATIVE INTENT AND LEGISLATIVE PURPOSE. The legislature of the state of Idaho finds that there have been incidents of fraudulent and misleading practices in soliciting and obtaining signatures on initiative or referendum petitions, or both, that false signatures have been placed upon initiative or referendum petitions, or both, that difficulties have arisen in determining the identity of petition circulators and that substantial danger exists that such unlawful practices will or may continue in the future. In order to prevent and deter such behavior, the legislature determines that it is necessary to provide easy identity to the public of those persons who solicit or obtain signatures on initiative or referendum petitions, or both, and of those persons for whom they are soliciting and obtaining signatures and to inform the public concerning the solicitation and obtaining of such

signatures. It is the purpose of the legislature in enacting this act to fulfill the foregoing statement of intent and remedy the foregoing practices.

**Idaho Code § 34-1801A**

34-1801A. PETITION. (1) An initiative petition shall embrace only one (1) subject and matters properly connected with it.

(2) The following shall be substantially the form of petition for any law proposed by the initiative:

WARNING

It is a felony for anyone to sign any initiative or referendum petition with any name other than his own, or to knowingly sign his name more than once for the measure, or to sign such petition when he is not a qualified elector.

INITIATIVE PETITION

To the Honorable…., Secretary of State of the State of Idaho:

We, the undersigned citizens and qualified electors of the State of Idaho, respectfully demand that the following proposed law (setting out full text of measure proposed) shall be submitted to the qualified electors of the State of Idaho, for their approval or rejection at the regular general election, to be held on the…. day of…., A.D.,…., and each for himself says: I have personally signed this petition; I am a qualified elector of the State of Idaho; my residence and legislative district are correctly written after my name.

| Signature | Printed Name | Residence Street and Number | City | Date | Legislative District Official Use Only |
|-----------|--------------|------------------------------|------|------|-----------------------------------------|

(Here follow no more than twenty numbered lines for signatures.)

(3)  The petition for referendum on any act passed by the state legislature of the state of Idaho shall be in substantially the same form with appropriate title and changes, setting out in full the text of the act of the legislature to be referred to the people for their approval or rejection.

**Idaho Code § 34-1802**

34-1802. INITIATIVE PETITIONS — TIME FOR GATHERING SIGNATURES — TIME FOR SUBMISSION OF SIGNATURES TO THE COUNTY CLERK — TIME FOR FILING. (1) Except as provided in section 34-1804, Idaho Code, petitions for an initiative shall be circulated and signatures obtained beginning upon the date that the petitioners receive both the fiscal impact statement and the official ballot title from the secretary of state and extending eighteen (18) months from that date, or April 30 of the year of the next general election, whichever occurs earlier. The last day for circulating petitions and obtaining signatures shall be the last day of April in the year an election on the initiative will be held.

(2)  The person or persons or organization or organizations under whose authority the measure is to be initiated shall submit the petitions containing signatures to the county clerk for verification pursuant to the provisions of section 34-1807, Idaho Code. The signatures required shall be submitted to the county clerk not later than the close of business on the first day of May in the year an election on the initiative will be held, or eighteen (18) months from the date the petitioner receives the official ballot title from the secretary of state, whichever is earlier.

(3)  The county clerk shall, within sixty (60) calendar days of the deadline for the submission of the signatures, verify the signatures contained in the petitions, but in no event shall the time extend beyond the last day of June in the year an election on the initiative will be held.

(4)  Initiative petitions with the requisite number of signatures attached shall be filed with the secretary of state not less than four (4) months before the election at which they are to be voted upon.

**Idaho Code § 34-1804**

34-1804.  INITIAL FILING OF BALLOT MEASURE — PRINTING OF PETITION AND SIGNATURE SHEETS — PROPOSED FUNDING AND

FISCAL INFORMATION. (1)  Before or at the time of beginning to circulate any petition for the referendum to the people on any act passed by the state legislature of the state of Idaho, or for any law proposed by the initiative, the person or persons or organization or organizations under whose authority the measure is to be referred or initiated shall send or deliver to the secretary of state a copy of such petition duly signed by at least twenty (20) qualified electors of the state, which shall be filed by said officer in his office, and who shall immediately transmit a copy of the petition to the attorney general for the issuance of the certificate of review as provided in section 34-1809, Idaho Code.

(2)  In the case of an initiative petition, the person or persons or organization or organizations under whose authority the measure is to be initiated shall propose a funding source for the cost of implementing the measure. The proposed funding source information shall accompany a copy of the initiative when the petition is initially filed with the secretary of state under subsection (1) of this section, and whenever the petition is circulated for signatures, but the proposed funding source information shall not formally be part of the initiative and shall have no binding effect. Upon receipt of the petition and the proposed funding source information, the secretary of state shall immediately transmit a copy of the petition and proposed funding source information to the division of financial management so that it may issue a statement of fiscal impact as provided in section 34-1812, Idaho Code. The provisions of this subsection shall not apply to a city or county ballot initiative.

(3)  All petitions for the initiative and for the referendum and sheets for signatures shall be printed on a good quality of bond or ledger paper in the form and manner as approved by the secretary of state. To every sheet of petitioners' signatures shall be attached a full and correct copy of the measure so proposed by initiative petition and a copy of the fiscal impact statement summary for the initiative, if applicable; but such petition may be filed by the secretary of state in numbered sections for convenience in handling. Every sheet of petitioners' signatures upon referendum petitions shall be attached to a full and correct copy of the measure on which the referendum is demanded and may be filed in numbered sections in like manner as initiative petitions. Not more than twenty (20) signatures on one (1) sheet shall be counted. Each signature sheet shall contain signatures of qualified electors from only one (1) county.

**Idaho Code § 34-1805**

   34-1805. SPONSORS TO PRINT PETITION — NUMBER OF
SIGNERS REQUIRED. After the form of the initiative or referendum petition
has been approved by the secretary of state as in sections 34-1801A through 34-
1822, Idaho Code, provided, the same shall be printed by the person or persons
or organization or organizations under whose authority the measure is to be
referred or initiated and circulated in the several counties of the state for the
signatures of legal voters. Before such petitions shall be entitled to final filing
and consideration by the secretary of state there shall be affixed thereto the
signatures of legal voters equal in number to not less than six percent (6%) of
the qualified electors at the time of the last general election in each of at least
eighteen (18) legislative districts; provided however, the total number of
signatures shall be equal to or greater than six percent (6%) of the qualified
electors of the state at the time of the last general election.

**Idaho Code § 34-1806**

   34-1806. BINDING OF PETITION AND SIGNATURE SHEETS —
APPROVED MEASURES TO BE PRINTED WITH SESSION LAWS. When
any such initiative or referendum petition shall be offered for filing the secretary
of state shall detach the sheets containing the signatures and affidavits and cause
them all to be attached to one or more printed copies of the measure so proposed
by initiative or referendum petitions. The secretary of state shall file and keep
such petitions as official public records. The secretary of state shall cause every
such measure so approved by the people to be printed with the general laws
enacted by the next ensuing session of the state legislature with the date of the
governor's proclamation declaring the same to have been approved by the
people.

**Idaho Code § 34-1807**

   34-1807. CIRCULATION OF PETITIONS — VERIFICATION OF
PETITION AND SIGNATURE SHEETS — COMPARISON OF SIGNATURES
WITH REGISTRATION OATHS AND RECORDS — CERTAIN PETITIONS
AND SIGNATURES VOID. Any person who circulates any petition for an
initiative or referendum shall be a resident of the state of Idaho and at least
eighteen (18) years of age. Each and every sheet of every such petition containing
signatures shall be verified on the face thereof in substantially the following form,

by the person who circulated said sheet of said petition, by his or her affidavit thereon, and as a part thereof:

State of Idaho      )
                             )ss.
County of….         )

I,…., being first duly sworn, say: That I am a resident of the State of Idaho and at least eighteen (18) years of age: that every person who signed this sheet of the foregoing petition signed his or her name thereto in my presence: I believe that each has stated his or her name, address and residence correctly, that each signer is a qualified elector of the State of Idaho, and a resident of the county of…..

  Signed

...............................................................
Post-office address
...............................................................
Subscribed and sworn to before me this…. day of…..
(Notary Seal)   Notary Public
...............................................................
Residing at
...............................................................

In addition to said affidavit the county clerk shall carefully examine said petitions and shall attach to the signature sheets a certificate to the secretary of state substantially as follows:

State of Idaho      )
                             )ss.
County of….         )

To the honorable…., Secretary of State for the State of Idaho: I,…., County Clerk of…. County, hereby certify that…. signatures on this petition are those of qualified electors in legislative district number…..

  Signed

...............................................................
County Clerk or Deputy.
(Seal of office)

The county clerk shall deliver the petition or any part thereof to the person from whom he received it with his certificate attached thereto as above provided.

The forms herein given are not mandatory and if substantially followed in any petition, it shall be sufficient, disregarding clerical and merely technical error.

Any petition upon which signatures are obtained by a person not a resident of the state of Idaho and at least eighteen (18) years of age, shall be void. The definition of resident in section 34-107, Idaho Code, shall apply to the circulators of initiative and referendum petitions. In addition to being a resident, a petition circulator shall be at least eighteen (18) years of age.

**Idaho Code § 34-1808**

34-1808.  FILING OF PETITION — MANDATE — INJUNCTION. If the secretary of state shall refuse to accept and file any petition for the initiative or for the referendum with the requisite number of signatures of qualified electors thereto attached, any citizen may apply, within ten (10) days after such refusal to the district court for a writ of mandamus to compel him to do so. If it shall be decided by the court that such petition is legally sufficient, the secretary of state shall then file it, with a certified copy of the judgment attached thereto, as of the date on which it was originally offered for filing in his office. On a showing that any petition filed is not legally sufficient, the court may enjoin the secretary of state and all other officers from certifying or printing on the official ballot for the ensuing election the ballot title and numbers of such measure. All such suits shall be advanced on the court docket and heard and decided by the court as quickly as possible. Either party may appeal to the Supreme Court within ten (10) days after a decision is rendered. The district court of the fourth judicial district of the state of Idaho in and for Ada County shall have jurisdiction in all cases of measures to be submitted to the qualified electors of the state at large.

**Idaho Code § 34-1809**

34-1809.  REVIEW OF INITIATIVE AND REFERENDUM MEASURES BY ATTORNEY GENERAL — CERTIFICATE OF REVIEW PREREQUISITE TO ASSIGNMENT OF BALLOT TITLE — BALLOT TITLE — JUDICIAL REVIEW. (1) After receiving a copy of the petition from the secretary of state as provided in section 34-1804, Idaho Code:

(a)  The attorney general may confer with the petitioner and shall, within twenty (20) working days from receipt thereof, review the proposal for matters of

substantive import and shall recommend to the petitioner such revision or alteration of the measure as may be deemed necessary and appropriate.

(b)  The recommendations of the attorney general shall be advisory only and the petitioner may accept or reject them in whole or in part.

(c)  The attorney general shall issue a certificate of review to the secretary of state certifying that he has reviewed the measure for form and style and that the recommendations thereon, if any, have been communicated to the petitioner, and such certificate shall be issued whether or not the petitioner accepts such recommendations. The certificate of review shall be available for public inspection in the office of the secretary of state.

(2)  Within fifteen (15) working days after the issuance of the certificate of review, the petitioner, if he desires to proceed with his sponsorship, shall file the measure, as herein provided, with the secretary of state for assignment of a ballot title, and the secretary of state shall thereupon submit to the attorney general two (2) copies of the measure filed.

(a)  Within ten (10) working days after receiving copies of the petition, the attorney general shall provide ballot titles as provided for in this subsection and return one (1) copy of the petition to the secretary of state, with its ballot title.

(b)  A copy of the ballot title as prepared by the attorney general shall be furnished by the secretary of state with the approved form of any initiative or referendum petition, as provided herein, to the person or persons or organization or organizations under whose authority the measure is initiated or referred.

(c)  The ballot titles shall be used and printed on the covers of the petition when in circulation; the short title shall be printed in type not less than twenty (20) points on the covers of all such petitions circulated for signatures.

(d)  The ballot title shall contain:

(i)  Distinctive short title not exceeding twenty (20) words by which the measure is commonly referred to or spoken of and which shall be printed in the foot margin of each signature sheet of the petition.

(ii)  A general title expressing in not more than two hundred (200) words the purpose of the measure.

(iii) The ballot title shall be printed with the numbers of the measure on the official ballot.

(e)  In making the ballot title, the attorney general shall, to the best of his ability, give a true and impartial statement of the purpose of the measure and in such language that the ballot title shall not be intentionally an argument or likely to create prejudice either for or against the measure.

(3)  Any person dissatisfied with the ballot title or the short title provided by the attorney general for any measure may appeal to the supreme court by petition, praying for a different title and setting forth the reason why the title prepared by the attorney general is insufficient or unfair.

(a)  No appeal shall be allowed from the decision of the attorney general on a ballot title unless made within twenty (20) days after the ballot title is filed in the office of the secretary of state; provided however, that this section shall not prevent any later judicial proceeding to determine the sufficiency of such title, nor shall it prevent any judicial decision upon the sufficiency of such title.

(b)  A copy of every such ballot title shall be served by the secretary of state upon the person offering or filing such initiative or referendum petition, or appeal. The service of the ballot title may be by mail or electronic transmission and shall be made forthwith when it is received from the attorney general by the secretary of state.

(c)  The supreme court shall thereupon examine said measure, hear argument, and in its decision thereon certify to the secretary of state a ballot title and a short title for the measure in accord with the intent of this section. The secretary of state shall print on the official ballot the title thus certified to him.

(4)  Any qualified elector of the state of Idaho may, at any time after the attorney general has issued a certificate of review, bring an action in the supreme court to determine the constitutionality of any initiative.

**Idaho Code § 34-1812**

34-1812.  FISCAL IMPACT STATEMENTS. (1)  After receiving a copy of an initiative petition from the secretary of state as provided in section 34-1804, Idaho Code, the division of financial management, in consultation with any other appropriate state or local agency, shall prepare an unbiased, good faith statement

of the fiscal impact of the law proposed by the initiative. The division of financial management shall complete the fiscal impact statement and file it with the secretary of state's office within twenty (20) working days of having received the initiative petition from the secretary of state's office. The secretary of state shall immediately transmit a copy of the fiscal impact statement to the person or persons who filed the initiative petition pursuant to section 34-1804, Idaho Code.

(2)  A fiscal impact statement shall describe any projected increase or decrease in revenues, costs, expenditures, or indebtedness that the state or local governments will experience if the ballot measure is approved by the voters. The fiscal impact statement shall include both immediate expected fiscal impacts and an estimate of any state or local government long-term financial implications. A fiscal impact statement must be written in clear and concise language and shall avoid legal and technical terms whenever possible. Where appropriate, a fiscal impact statement may include both estimated dollar amounts and a description placing the estimated dollar amounts into context.

(3)  A fiscal impact statement must include both a summary of the fiscal impact statement, not to exceed one hundred (100) words, and a more detailed statement of fiscal impact that includes the assumptions that were made to develop the fiscal impact. When collecting signatures, a signature gatherer shall offer a copy of the fiscal impact statement summary, along with a copy of the initiative and the sponsor's proposed funding source information, to the elector for review before signing. The fiscal impact statement summary and the sponsor's proposed funding source information shall also be published in the state voters' pamphlet and on the official ballot. The fiscal impact statement summary, the detailed fiscal impact statement, and the sponsor's proposed funding source information shall be made available to the public on the secretary of state's website no later than August 1.

(4)  The provisions of this section shall not apply to a city or county ballot initiative.

**Idaho Code § 34-1812A**

34-1812A.  ARGUMENTS CONCERNING INITIATIVE AND REFERENDUM MEASURES. Any voter or group of voters may on or before July 20 prepare and file an argument, not to exceed five hundred (500) words, for or against any measure. Such argument shall not be accepted unless accompanied by the name and address or names and addresses of the person or persons

submitting it, or, if submitted on behalf of an organization, the name and address of the organization and the names and addresses of at least two (2) of its principal officers.

If more than one (1) argument for or more than one (1) argument against any measure is filed within the time prescribed, the secretary of state shall select one (1) of the arguments for printing in the voters' pamphlets. In selecting the argument the secretary of state shall be required to give priority in the order named to the arguments of the following:

(1)  The proponent of the initiative or referendum petition.
(2)  Bona fide associations of citizens.
(3)  Individual voters.

## Idaho Code § 34-1812B

34-1812B.  SUBMISSION OF REBUTTAL ARGUMENTS. When the secretary of state has received the arguments which will be printed in the voters' pamphlet, the secretary of state shall immediately send copies of the arguments in favor of the proposition to the authors of the arguments against and copies of the arguments against to the authors of the arguments in favor. The authors may prepare and submit rebuttal arguments not exceeding two hundred and fifty (250) words. The rebuttal arguments must be filed no later than August 1. Rebuttal arguments shall be printed in the same manner as the direct arguments. Each rebuttal argument shall immediately follow the direct argument which it seeks to rebut.

## Idaho Code § 34-1812C

34-1812C.  VOTERS' PAMPHLET. (1) Not later than September 25 before any regular general election at which an initiative or referendum measure is to be submitted to the people, the secretary of state shall cause to be printed a voters' pamphlet which shall contain the following:

(a)  A complete copy of the title and text of each measure with the number and form in which the ballot title thereof will be printed on the official ballot;

(b)  A copy of the fiscal impact statement summary for a state measure;

– 13 –

(c) A copy of the sponsor's proposed funding source information for a state measure; and

(d) A copy of the arguments and rebuttals for and against each state measure.

(2) The secretary of state shall mail or distribute a copy of the voters' pamphlet to every household in the state. Sufficient copies of the voters' pamphlet shall also be sent to each county clerk. The county clerk and the secretary of state shall make copies of the voters' pamphlet available upon request.

(3) The voters' pamphlet shall be printed according to the following specifications:

(a) The pages of the pamphlet shall be not smaller than 6 x 9 inches in size;

(b) It shall be printed in clear, readable type, no less than 10-point, except that the text of any measure may be set forth in no less than 7-point type;

(c) It shall be printed on a quality and weight of paper that, in the judgment of the secretary of state, best serves the voters;

(d) If the material described in subsection (1) of this section is combined in a single publication with constitutional amendments, the entire publication shall be treated as a legal notice.

**Idaho Code § 34-603**

34-603. CERTIFICATION OF A PROPOSED CONSTITUTION, CONSTITUTIONAL AMENDMENT OR OTHER QUESTION TO BE SUBMITTED TO THE PEOPLE FOR VOTE. Whenever a proposed constitution, constitutional amendment or other question is to be submitted to the people of the state for popular vote, it shall be certified by the secretary of state to the county clerks not later than September 7 in the year in which it will be voted upon. It shall be published in the form prescribed by the secretary of state.

**Idaho Code § 34-909**

34-909. GENERAL ELECTION SAMPLE BALLOTS FORWARDED TO COUNTIES BY SECRETARY OF STATE. (1) The secretary of state, no

later than September 7, shall provide the necessary general election sample ballot layout to each of the county clerks.

(2) The sample ballot layout shall contain the proper office titles, order of offices and ballot layout for the general election, with instructions for placement of candidates seeking election for federal, state, legislative, county and precinct offices and candidates seeking judicial office or retention. If a county is within more than one (1) legislative district, the secretary of state shall provide instructions on the requirements for a separate ballot for each legislative district that is within the county.

(3) The secretary of state shall certify to the county clerks the names and political party of the candidates qualified for placement on the general election ballot for all federal, state and legislative district offices on the sample ballots, along with any judicial candidates, by no later than the ninth Friday prior to the general election.

(4) The secretary of state shall certify the name of a candidate being appointed by the appropriate central committee as provided by section 34-715, Idaho Code, by no later than the next business day after the appointment is received in the secretary of state's office, if received after the certification of candidates to the county clerks under subsection (3) of this section.

**Idaho Code § 34-1003**

34-1003. ISSUANCE OF ABSENTEE BALLOT. (1) Upon receipt of an application for an absent elector's ballot within the proper time, the county clerk receiving it shall examine the records of the county clerk's office to ascertain whether or not such applicant is registered and lawfully entitled to vote as requested and, if found to be so, the elector shall arrange for the applicant to vote by absent elector's ballot.

(2) In the case of requests for primary ballots:

(a) Except as provided in paragraph (b) of this subsection, an elector who has designated a political party affiliation shall receive a primary ballot for that political party.

(b) An elector who has designated a political party affiliation pursuant to section 34-404, Idaho Code, may receive the primary election ballot of a political

party other than the political party such elector is affiliated with if such other political party has provided notification to the secretary of state that identifies the political party such elector is affiliated with, as provided for in section 34-904A(2)(b), Idaho Code.

(c) An "unaffiliated" elector shall receive the primary ballot for the political party which the elector designated in the elector's application for an absentee ballot pursuant to section 34-1002, Idaho Code. Provided however, that a political party's ballot shall not be provided to an "unaffiliated" elector where that political party has not elected to allow "unaffiliated" electors to vote in such party's primary election pursuant to section 34-904A, Idaho Code.

(d) If an "unaffiliated" elector does not indicate a choice of political party's primary ballot, the elector shall receive a nonpartisan ballot.

(3)  The absentee ballot may be delivered to the absent elector in the office of the county clerk, by postage prepaid mail or by other appropriate means, including use of a facsimile machine or other electronic transmission. Validly requested absentee ballots for candidates for federal office, where the request is received at least forty-five (45) days before an election, shall be sent not later than forty-five (45) days before that election to all electors who are entitled to vote by absentee ballot.

(4)  Pursuant to the uniformed and overseas citizens absentee voting act (UOCAVA, 52 U.S.C. 20301 et seq., as amended) the secretary of state shall establish procedures for the transmission of blank absentee ballots by mail and by electronic transmission for all electors who are entitled to vote by absentee ballot under the uniformed and overseas citizens absentee voting act, and by which such electors may designate whether the elector prefers the transmission of such ballots by mail or electronically. If no preference is stated, the ballots shall be transmitted by mail. The secretary of state shall establish procedures for transmitting such ballots in a manner that shall protect the security and integrity of such ballots and the privacy of the elector throughout the process of transmission.

(5)  A political party may supply a witness to accompany the clerk in the personal delivery of an absentee ballot. If the political party desires to supply a witness, it shall be the duty of the political party to supply the names of such witnesses to the clerk no later than forty-six (46) days prior to the election. The

clerk shall notify such witnesses of the date and approximate hour the clerk or deputy clerk intends to deliver the ballot.

(6)  A candidate for public office or a spouse of a candidate for public office shall not be a witness in the personal delivery of absentee ballots.

(7)  An elector physically unable to mark such elector's own ballot may receive assistance in marking such ballot from the officer delivering same or an available person of the elector's own choosing. In the event the election officer is requested to render assistance in marking an absent elector's ballot, the officer shall ascertain the desires of the elector and shall vote the applicant's ballot accordingly. When such ballot is marked by an election officer, the witnesses on hand shall be allowed to observe such marking. No county clerk, deputy, or other person assisting a disabled voter shall attempt to influence the vote of such elector in any manner.

## 52 U.S.C. § 20302

**(a) In general**
Each State shall--
**(1)** permit absent uniformed services voters and overseas voters to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office;
**(2)** accept and process, with respect to any election for Federal office, any otherwise valid voter registration application and absentee ballot application from an absent uniformed services voter or overseas voter, if the application is received by the appropriate State election official not less than 30 days before the election;
**(3)** permit absent uniformed services voters and overseas voters to use Federal write-in absentee ballots (in accordance with section 20303 of this title) in general elections for Federal office;
**(4)** use the official post card form (prescribed under section 20301 of this title) for simultaneous voter registration application and absentee ballot application;
**(5)** if the State requires an oath or affirmation to accompany any document under this chapter, use the standard oath prescribed by the Presidential designee under section 20301(b)(7) of this title;
**(6)** in addition to any other method of registering to vote or applying for an absentee ballot in the State, establish procedures--
**(A)** for absent uniformed services voters and overseas voters to request by mail and electronically voter registration applications and absentee ballot applications with

respect to general, special, primary, and runoff elections for Federal office in accordance with subsection (e);

**(B)** for States to send by mail and electronically (in accordance with the preferred method of transmission designated by the absent uniformed services voter or overseas voter under subparagraph (C)) voter registration applications and absentee ballot applications requested under subparagraph (A) in accordance with subsection (e); and

**(C)** by which the absent uniformed services voter or overseas voter can designate whether the voter prefers that such voter registration application or absentee ballot application be transmitted by mail or electronically;

**(7)** in addition to any other method of transmitting blank absentee ballots in the State, establish procedures for transmitting by mail and electronically blank absentee ballots to absent uniformed services voters and overseas voters with respect to general, special, primary, and runoff elections for Federal office in accordance with subsection (f);

**(8)** transmit a validly requested absentee ballot to an absent uniformed services voter or overseas voter--

**(A)** except as provided in subsection (g), in the case in which the request is received at least 45 days before an election for Federal office, not later than 45 days before the election; and

**(B)** in the case in which the request is received less than 45 days before an election for Federal office--

**(i)** in accordance with State law; and

**(ii)** if practicable and as determined appropriate by the State, in a manner that expedites the transmission of such absentee ballot;

**(9)** if the State declares or otherwise holds a runoff election for Federal office, establish a written plan that provides absentee ballots are made available to absent uniformed services voters and overseas voters in manner[1] that gives them sufficient time to vote in the runoff election;

**(10)** carry out section 20304(b)(1) of this title with respect to the processing and acceptance of marked absentee ballots of absent overseas uniformed services voters; and

**(11)** report data on the number of absentee ballots transmitted and received under subsection (c) and such other data as the Presidential designee determines appropriate in accordance with the standards developed by the Presidential designee under section 20301(b)(11) of this title.

**(b) Designation of single State office to provide information on registration and absentee ballot procedures for all voters in State**

**(1) In general**

Each State shall designate a single office which shall be responsible for providing information regarding voter registration procedures and absentee ballot procedures to be used by absent uniformed services voters and overseas voters with respect to elections for Federal office (including procedures relating to the use of the Federal write-in absentee ballot) to all absent uniformed services voters and overseas voters who wish to register to vote or vote in any jurisdiction in the State.

**(2) Recommendation regarding use of office to accept and process materials**
Congress recommends that the State office designated under paragraph (1) be responsible for carrying out the State's duties under this Act, including accepting valid voter registration applications, absentee ballot applications, and absentee ballots (including Federal write-in absentee ballots) from all absent uniformed services voters and overseas voters who wish to register to vote or vote in any jurisdiction in the State.

**(c) Report on number of absentee ballots transmitted and received**
Not later than 90 days after the date of each regularly scheduled general election for Federal office, each State and unit of local government which administered the election shall (through the State, in the case of a unit of local government) submit a report to the Election Assistance Commission (established under the Help America Vote Act of 2002) on the combined number of absentee ballots transmitted to absent uniformed services voters and overseas voters for the election and the combined number of such ballots which were returned by such voters and cast in the election, and shall make such report available to the general public.

**(d) Registration notification**
With respect to each absent uniformed services voter and each overseas voter who submits a voter registration application or an absentee ballot request, if the State rejects the application or request, the State shall provide the voter with the reasons for the rejection.

**(e) Designation of means of electronic communication for absent uniformed services voters and overseas voters to request and for States to send voter registration applications and absentee ballot applications, and for other purposes related to voting information**
**(1) In general**
Each State shall, in addition to the designation of a single State office under subsection (b), designate not less than 1 means of electronic communication--
**(A)** for use by absent uniformed services voters and overseas voters who wish to register to vote or vote in any jurisdiction in the State to request voter registration applications and absentee ballot applications under subsection (a)(6);
**(B)** for use by States to send voter registration applications and absentee ballot applications requested under such subsection; and

**(C)** for the purpose of providing related voting, balloting, and election information to absent uniformed services voters and overseas voters.

**(2) Clarification regarding provision of multiple means of electronic communication**

A State may, in addition to the means of electronic communication so designated, provide multiple means of electronic communication to absent uniformed services voters and overseas voters, including a means of electronic communication for the appropriate jurisdiction of the State.

**(3) Inclusion of designated means of electronic communication with informational and instructional materials that accompany balloting materials**

Each State shall include a means of electronic communication so designated with all informational and instructional materials that accompany balloting materials sent by the State to absent uniformed services voters and overseas voters.

**(4) Availability and maintenance of online repository of State contact information**

The Federal Voting Assistance Program of the Department of Defense shall maintain and make available to the public an online repository of State contact information with respect to elections for Federal office, including the single State office designated under subsection (b) and the means of electronic communication designated under paragraph (1), to be used by absent uniformed services voters and overseas voters as a resource to send voter registration applications and absentee ballot applications to the appropriate jurisdiction in the State.

**(5) Transmission if no preference indicated**

In the case where an absent uniformed services voter or overseas voter does not designate a preference under subsection (a)(6)(C), the State shall transmit the voter registration application or absentee ballot application by any delivery method allowable in accordance with applicable State law, or if there is no applicable State law, by mail.

**(6) Security and privacy protections**

**(A) Security protections**

To the extent practicable, States shall ensure that the procedures established under subsection (a)(6) protect the security and integrity of the voter registration and absentee ballot application request processes.

**(B) Privacy protections**

To the extent practicable, the procedures established under subsection (a)(6) shall ensure that the privacy of the identity and other personal data of an absent uniformed services voter or overseas voter who requests or is sent a voter registration application or absentee ballot application under such subsection is protected throughout the process of making such request or being sent such application.

**(f) Transmission of blank absentee ballots by mail and electronically**
**(1) In general**
Each State shall establish procedures--
**(A)** to transmit blank absentee ballots by mail and electronically (in accordance with the preferred method of transmission designated by the absent uniformed services voter or overseas voter under subparagraph (B)) to absent uniformed services voters and overseas voters for an election for Federal office; and
**(B)** by which the absent uniformed services voter or overseas voter can designate whether the voter prefers that such blank absentee ballot be transmitted by mail or electronically.
**(2) Transmission if no preference indicated**
In the case where an absent uniformed services voter or overseas voter does not designate a preference under paragraph (1)(B), the State shall transmit the ballot by any delivery method allowable in accordance with applicable State law, or if there is no applicable State law, by mail.
**(3) Security and privacy protections**
**(A) Security protections**
To the extent practicable, States shall ensure that the procedures established under subsection (a)(7) protect the security and integrity of absentee ballots.
**(B) Privacy protections**
To the extent practicable, the procedures established under subsection (a)(7) shall ensure that the privacy of the identity and other personal data of an absent uniformed services voter or overseas voter to whom a blank absentee ballot is transmitted under such subsection is protected throughout the process of such transmission.
**(g) Hardship exemption**
**(1) In general**
If the chief State election official determines that the State is unable to meet the requirement under subsection (a)(8)(A) with respect to an election for Federal office due to an undue hardship described in paragraph (2)(B), the chief State election official shall request that the Presidential designee grant a waiver to the State of the application of such subsection. Such request shall include--
**(A)** a recognition that the purpose of such subsection is to allow absent uniformed services voters and overseas voters enough time to vote in an election for Federal office;
**(B)** an explanation of the hardship that indicates why the State is unable to transmit absent uniformed services voters and overseas voters an absentee ballot in accordance with such subsection;

**(C)** the number of days prior to the election for Federal office that the State requires absentee ballots be transmitted to absent uniformed services voters and overseas voters; and

**(D)** a comprehensive plan to ensure that absent uniformed services voters and overseas voters are able to receive absentee ballots which they have requested and submit marked absentee ballots to the appropriate State election official in time to have that ballot counted in the election for Federal office, which includes--

**(i)** the steps the State will undertake to ensure that absent uniformed services voters and overseas voters have time to receive, mark, and submit their ballots in time to have those ballots counted in the election;

**(ii)** why the plan provides absent uniformed services voters and overseas voters sufficient time to vote as a substitute for the requirements under such subsection; and

**(iii)** the underlying factual information which explains how the plan provides such sufficient time to vote as a substitute for such requirements.

**(2) Approval of waiver request**

After consulting with the Attorney General, the Presidential designee shall approve a waiver request under paragraph (1) if the Presidential designee determines each of the following requirements are met:

**(A)** The comprehensive plan under subparagraph (D) of such paragraph provides absent uniformed services voters and overseas voters sufficient time to receive absentee ballots they have requested and submit marked absentee ballots to the appropriate State election official in time to have that ballot counted in the election for Federal office.

**(B)** One or more of the following issues creates an undue hardship for the State:

**(i)** The State's primary election date prohibits the State from complying with subsection (a)(8)(A).

**(ii)** The State has suffered a delay in generating ballots due to a legal contest.

**(iii)** The State Constitution prohibits the State from complying with such subsection.

**(3) Timing of waiver**

**(A) In general**

Except as provided under subparagraph (B), a State that requests a waiver under paragraph (1) shall submit to the Presidential designee the written waiver request not later than 90 days before the election for Federal office with respect to which the request is submitted. The Presidential designee shall approve or deny the waiver request not later than 65 days before such election.

**(B) Exception**

If a State requests a waiver under paragraph (1) as the result of an undue hardship described in paragraph (2)(B)(ii), the State shall submit to the Presidential designee

the written waiver request as soon as practicable. The Presidential designee shall approve or deny the waiver request not later than 5 business days after the date on which the request is received.

**(4) Application of waiver**

A waiver approved under paragraph (2) shall only apply with respect to the election for Federal office for which the request was submitted. For each subsequent election for Federal office, the Presidential designee shall only approve a waiver if the State has submitted a request under paragraph (1) with respect to such election.

**(h) Tracking marked ballots**

The chief State election official, in coordination with local election jurisdictions, shall develop a free access system by which an absent uniformed services voter or overseas voter may determine whether the absentee ballot of the absent uniformed services voter or overseas voter has been received by the appropriate State election official.

**(i) Prohibiting refusal to accept applications for failure to meet certain requirements**

A State shall not refuse to accept and process any otherwise valid voter registration application or absentee ballot application (including the official post card form prescribed under section 20301 of this title) or marked absentee ballot submitted in any manner by an absent uniformed services voter or overseas voter solely on the basis of the following:

**(1)** Notarization requirements.

**(2)** Restrictions on paper type, including weight and size.

**(3)** Restrictions on envelope type, including weight and size.

52 U.S.C.A. § 20302 (West)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 17, 2020.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Robert A. Berry*
ROBERT A BERRY
Deputy Attorney General