# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| RECLAIM IDAHO, an Idaho political action committee, and LUKE MAYVILLE, | No. 20-35584 |
| Plaintiffs - Appellees, | D.C. No. 1:20-cv-00268-BLW |
| vs. | U.S. District Court for Idaho, Boise |
| BRADLEY LITTLE, in his official capacity Governor of Idaho, and LAWERENCE DENNEY, in his official capacity as Idaho Secretary of State, | |
| Defendants - Appellants. | |

Appeal from the United States District Court for the District of Idaho
(Winmill, B. L. Presiding)

## APPELLANTS' NOTICE REGARDING THIS COURT'S ORDER DATED AUGUST 14, 2020 [DKT. 46.]

HON. LAWRENCE G. WASDEN
Attorney General

STEVEN L. OLSEN
Chief of Civil Litigation

ROBERT A. BERRY, ISB #7442
MEGAN A. LARRONDO, ISB #10597
Deputy Attorneys General
P. O. Box 83720
Boise, ID 83720-0010
*Attorneys for Appellants Bradley Little and Lawerence Denney*

— 1 —

On August 14, 2020, in light of the parties' concessions of impending mootness, this panel issued an order directing Appellants to file a motion for voluntary dismissal under Federal Rule of Appellate Procedure 42(b), or to inform the Court whether such a dismissal is likely in three pages or less. (9th Cir. Dkt. 46.)

Undersigned sought to reach an agreement with Appellees that would have this appeal dismissed and the district court's orders vacated and this matter dismissed. Appellees declined.

Appellants are willing to dismiss their appeal due to impending mootness only if the district court's orders at issue are vacated and the case is dismissed with each side to bear its owns costs and attorney fees. If this Court dismisses the appeal on mootness grounds, Appellants respectfully request this Court instruct the district court to vacate its orders entered June 23, 2020 (D. Ct. Dkt. 13), June 26, 2020 (D. Ct. Dkt. 14), and June 30, 2020 (D. Ct. Dkt. 19) and to dismiss this case with prejudice with each party to bear its own costs and attorney fees.

This is consistent with case law in the Ninth Circuit. *See, e.g.*, *Alliance for the Wild Rockies v. United States Forest Service*, 907 F.3d 1105, 1121 (9th Cir. 2018) ("The parties now agree . . . that claim is moot. . . . The portion of the district court's decision addressing the Alliance's ESA claim is vacated pursuant to *United States v. Munsingwear*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). *See NASD*

*Dispute Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) ("Under the '*Munsingwear* rule,' vacatur is generally 'automatic' in the Ninth Circuit when a case becomes moot on appeal." (quoting *Publ. Util. Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1461 (9th Cir. 1996))." "When a case becomes moot on appeal, the 'established practice' is to reverse or vacate the decision below with a direction to dismiss." *NASD*, 488 F.3d at 1068.

Dated this 24th day of August, 2020.

Respectfully submitted,

*/s/ Robert A. Berry*
ROBERT A. BERRY, ISB #7442
Deputy Attorney General
*Attorneys for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 24, 2020.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Robert A. Berry*
ROBERT A. BERRY